UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

JEC II, LLC,

                                Plaintiff,              Docket No.
                                                           01:08-CV-02970 (DAB)
           -against-

HUDSON RIVER RESTAURANT GROUP, LLC and      ANSWER
JOHN and/or JANE DOES 1-5,
                                Defendants.

------------------------------------------------------------------------ X

        Defendant, Hudson River Restaurant Group, LLC ("Defendant"), by its attorneys, Gilbride, Tusa, Last & Spellane LLC, as and for its answer to Plaintiff's complaint ("Complaint") herein alleges as follows:

## JURISDICTION AND VENUE

        1. Admits that paragraph "1" of the Complaint purports to allege claims for trademark infringement, unfair competition, misappropriation, unjust enrichment, palming off, damage to business reputation, state anti-dilution and deceptive trade practices, but denies that Defendant has engaged in any conduct which violates any such laws.

        2. Admits that paragraph "2" of the Complaint purports to allege jurisdiction on the basis of the existence of federal question and violation of federal trademark law, but denies that Defendant violated any federal law so as to confer jurisdiction upon this Court, and accordingly, this Court has no supplemental jurisdiction over Defendant.

        3. Admits the allegations contained in paragraph "3" of the Complaint.

## THE PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4" and "7" of the Complaint.

5. Admits the allegations contained in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint, but denies that any owners, officers, directors or other persons in charge of Defendant have violated any federal, state or common law and/or was acting outside the scope of such individuals' authority on behalf of Defendant.

7. Denies each and every allegation contained in paragraph "8" of the Complaint, except admits that Defendant transacts business within this district and derives substantial revenue from intra-state and inter-state commerce.

## BACKGROUND FACTS

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "9", "10", "14", "15" and "16" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint, except refers Plaintiff to the records contained in the USPTO as to any such alleged registrations and the status thereof.

10. Paragraph "12" of the Complaint states a legal conclusion to which no response is necessary; to the extent a response is necessary, Defendant denies each and every allegation contained in such paragraph.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint and refers Plaintiff to the alleged service mark application for its terms and conditions.

12. Denies each and every allegation contained in paragraphs "17", "19" and "23" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18' of the Complaint and avers that ONE is a descriptive term to which Defendant may use without any violation of state, federal or common law trademark law.

14. Denies each and every allegation contained in paragraph "20" of the Complaint, and refers Plaintiff to the exhibit attached to the Complaint.

15. Denies each and every allegation contained in paragraph "21" of the Complaint, and refers Plaintiff to the alleged internet search engine for such search results.

16. Denies each and every allegation contained in paragraph "22" of the Complaint, except admits that Defendant received a letter dated November 6, 2007 and refers Plaintiff to such letter for its content.

AS AND FOR AN ANSWER TO THE FIRST CAUSE
OF ACTION FOR TRADEMARK INFRINGEMENT

17. With respect to the allegations contained in paragraph "24" of the Complaint, Defendant repeats and reallges each and every response to the allegations contained in paragraphs "1" through "23" hereof as if set forth in full hereat.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint and refers Plaintiff to the U.S. trademark registration website for information with respect to its alleged mark.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "26" and "27" of the Complaint, except refers Plaintiff to the alleged 611 registration for its terms and conditions.

20. Denies each and every allegation contained in paragraphs "28", "29", "30", "31", "32", "33" and "34" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT

21. With respect to the allegations contained in paragraph "35" of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs "1" through "34" of the Complaint as if set forth in full hereat.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

23. Denies each and every allegation contained in paragraphs "37", "38", "39", 40", "41", "42" and "43" of the Complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT

24. With respect to the allegations contained in paragraph "44" of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs "1" through "43" of the Complaint as if set forth in full hereat.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint.

26. Denies each and every allegation contained in paragraphs "46", "47", "48", "49", "50" and "51" of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE
## OF ACTION FOR TRADEMARK INFRINGEMENT

27. With respect to the allegations contained in paragraph "52" of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs "1" through "51" of the Complaint as if set forth in full hereat.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "53" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint and refers Plaintiff to the alleged trademark registration for its terms and conditions, and further denies that such registration establishes *prima facie* distinctiveness of the alleged service mark.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint and refers Plaintiff to the alleged 611 registration for its terms and conditions.

31. Denies each and every allegation contained in paragraph "56" of the Complaint, except admits that Defendant has registered its website domain name and further denies knowledge or information sufficient to form a belief as to the dates upon which Plaintiff allegedly began using "One Manhattan" as its name.

32. Denies each and every allegation contained in paragraphs "57", "58", "59", "60" and "61" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
## FOR INJURY TO BUSINESS REPUTATION AND STATE ANTI-DILUTION

33. With respect to the allegations contained in paragraph "62" of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs "1" through "61" of the Complaint as if set forth in full hereat.

34. Paragraph "63" calls for a legal conclusion to which no response is necessary; to the extent such a response is necessary, Defendant denies each and every allegation contained in such paragraph.

35. Denies each and every allegation contained in paragraphs "64", "65", "66", "67" and "68" of the Complaint.

AS AND FOR AN ANSWER TO THE SIXTH CAUSE
<u>OF ACTION FOR DECEPTIVE TRADE PRACTICES</u>

36. With respect to the allegations contained in paragraph "69" of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs "1" through "68" of the Complaint as if set forth in full hereat.

37. Paragraph "70" of the Complaint calls for a legal conclusion to which no response is necessary; however, to the extent a response is necessary, Defendant denies each and every allegation contained in such paragraph.

38. Denies each and every allegation contained in paragraphs "71", "72", "73", "74" and "75" of the Complaint.

AS AND FOR AN ANSWER TO THE SEVENTH CAUSE
<u>OF ACTION FOR COMMON LAW UNFAIR COMPETITION</u>

39. With respect to the allegations contained in paragraph "76" of the Complaint, Defendant repeats and realleges its responses to the allegations set forth in paragraphs "1" through "75" of the Complaint as if set forth in full hereat.

40. Paragraph "77" of the Complaint is a legal conclusion to which no response is necessary; however, to the extent a response is necessary, Defendant denies each and every allegation contained in such paragraph.

41. Denies each and every allegation contained in paragraphs "78", "79", "80", "81", "82", "83", "84" and "85" of the Complaint.

### AS AND FOR A FIRST DEFENSE

42. The Complaint fails to allege a claim for relief against Defendant.

### AS AND FOR A SECOND DEFENSE

43. To the extent Defendant may have infringed any rights that Plaintiff has in the descriptive term "ONE", which infringement is specifically denied, Plaintiff has acquiesced in such actions.

### AS AND FOR A THIRD DEFENSE

44. The term "ONE" is descriptive and not subject to trademark protection.

### AS AND FOR A FOURTH DEFENSE

45. Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A FIFTH DEFENSE

46. The Plaintiff is estopped from asserting the claims set forth in the Complaint.

### AS AND FOR A SIXTH DEFENSE

47. The term "ONE" is not identified in the public mind with Plaintiff.

### AS AND FOR A SEVENTH DEFENSE

48. Plaintiff and Defendant do not compete in the same market.

### AS AND FOR AN EIGHTH DEFENSE

49. There has been no confusion in the marketplace as a result of Defendant's actions.

## AS AND FOR A NINTH DEFENSE

50. Defendant's use of the name "ONE" accurately describes the origin of its products, and its location.

## AS AND FOR A TENTH DEFENSE

51. Plaintiff has suffered no harm as a result of the actions of Defendant.

WHEREFORE, Defendant, Hudson River Restaurant Group, LLC, demands judgment herein dismissing the Complaint and awarding Defendant such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         May 30, 2008

        GILBRIDE, TUSA, LAST & SPELLANE LLC

By: */s/ Bennett H. Last*
    Bennett H. Last (BL7607)
Attorneys for Defendant, Hudson River
  Restaurant Group, LLC
708 Third Avenue, 26th Floor
New York, New York 10017
(212) 692-9666   *[Telephone]*
(212) 661-6328   *[Facsimile]*
bhl@gtlsny.com  *[Email]*