# KAPLAN GILMAN GIBSON & DERNIER, LLP

COUNSELORS AT LAW

900 ROUTE 9 NORTH, WOODBRIDGE, NJ 07095
TELEPHONE (732) 634-7634, FACSIMILE (732) 634-6887

WWW.KGGD.COM

MICHAEL R. GILMAN, PARTNER
NY AND CT BARS ONLY, REG. PAT. ATTORNEY
mgilman@kggd.com



June 3, 2008

**VIA FEDEX**

The Honorable Deborah A. Batts
United States District Court
Southern District of New York
500 Pearl St., Room 2510
New York, NY 10007

  Re: **JEC II, LLC v. Hudson River Restaurant Group, LLC et al**
     **Civil Action No. 1:08-cv-02970-DAB**
     **Our Reference No. 484-43**

Dear Judge Batts,

  We represent plaintiff JEC II, LLC in the above-referenced civil litigation and herein respond to Your Honor's Order of June 2, 2008.

  Your Honor's Order of June 2, 2008 is very timely, as plaintiff was going to write to the Court to request waiver of Your Honor's rule regarding joinder of issue as to all parties prior to scheduling a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure.

  In particular, plaintiff is relatively confident that one or more of the people who will be added into the complaint as John Doe defendants would be one of the following owners/moving, driving forces behind the operation of the restaurant bearing the infringing name; namely, one or more of Messrs. Tim Galvin, Michael Pelliccio, Gregory Colica, Bobby Manzi and/or Daniel Magill. Unfortunately, without first receiving at least defendant Hudson River Restaurant Group's Rule 26 initial disclosures and/or responses to as yet unserved interrogatories, plaintiff cannot definitively know which of the above named individuals would, in addition to Hudson River Restaurant Group, be liable under the law for the alleged infringing activity.

  Under the trademark and unfair competition laws, a plaintiff need not pierce the corporate veil for a holding of personal liability of an individual who "actively and knowingly caused the trademark infringement." *Mattel, Inc. v. Internet Dimensions Inc.*, 2000WL973745, *9, 55 U.S.P.Q.2d 1620 (July 13, 2000 S.D.N.Y). *See, also, Fugazy International Travel Group, Inc. v. Stargazer, Ltd.*, 2003WL115220 (January 10, 2003 S.D.N.Y). "While a corporate officer is not necessarily individually liable for torts committed on behalf of the corporation, personal liability for trademark infringement and unfair competition is established if the officer is a moving, active conscious force behind the defendant corporation's infringement." *Monsanto Co.*

---

Patents • Trademarks • Copyrights • Licensing • Litigation

NEW YORK OFFICE:
305 MADISON AVENUE, SUITE 449, NEW YORK, NEW YORK 10165, TEL: (212) 807-4171, FAX: (212) 957-1912
(MICHAEL R. GILMAN, A NAME PARTNER, IS A MEMBER OF THE NY AND CT BARS ONLY)

The Honorable Deborah A. Batts
June 3, 2008
Page 2



*v. Haskel Trading, Inc.*, 13 F. Supp.2d 349, 354 (E.D.NY.Y 1998) (citations and internal quotation marks omitted).

    It is therefore requested by plaintiff herein that the above–referenced civil litigation be allowed to move forward so that plaintiff may determine which of the above named individuals, or other as yet unknown individuals, are appropriate defendants to be named in this action. *denied DAB*

    In the alternative, and so long as plaintiff would not be prejudiced by so doing, plaintiff would be amendable to currently dismissing the John and Jane Doe defendants from the action in anticipation of a later motion to amend the pleadings to add in such defendants once their identities are definitively determined through the discovery process. *granted DAB*

Respectfully submitted,

KAPLAN GILMAN GIBSON & DERNIER LLP
Attorneys for Plaintiff
900 Route 9 North, Suite 504
Woodbridge, NJ 07095

Michael R. Gilman (MG 7608)

MRG/jea
c: Bennett H. Last, Esq. (via email)
G:\Clients\JEC II LLC-484\484-43_Restaurant One - Irvington, NY\484-43_ltr to J Batts re 6-2-08 Order and John Doe Defs.doc

**SO ORDERED**

*Deborah A. Batts* 6/24/08
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE

MEMO ENDORSED