UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JEC II, LLC,

        Plaintiff,    Civil Action No. 1:08-cv-02970 (DAB)
              ECF CASE
  v.

HUDSON RIVER RESTAURANT GROUP, LLC

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MOTION TO FILE AMENDED COMPLAINT – ON CONSENT**


  Plaintiff herein moves pursuant to Rule 15(a), Federal Rules of Civil Procedure, and pursuant to the Court's Memo Endorsed Letter of June 24, 2008, and after defendant Hudson River Restaurant Group's answer has been filed, to amend its Complaint to remove the John and Jane Doe defendants from the action, without prejudice to plaintiff's ability to later re-amend the complaint after some discovery to assert claims against individuals plaintiff believes were the knowing, moving, active, conscious force(s) responsible for plaintiff's infringing activities.

  Plaintiff's below signed counsel has received the consent of defendant's counsel, Bennett Last, Esq., to file its amended complaint.

A copy of the proposed First Amended Complaint is attached hereto as Exhibit A.

Respectfully submitted,

KAPLAN GILMAN GIBSON & DERNIER LLP
Attorneys for Plaintiff
900 Route 9 North, Ste 504
Woodbridge, NJ 07095
(732) 634-7634

_____
Michael R. Gilman (MG 7608)

SO ORDERED, this _____ day of _____, 2008.

_____
Judge Deborah A. Batts
United States District Judge

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the following document was served on the person referenced below on this 27th day of June, 2008, First Class mail, postage prepaid:

1)   **MOTION TO FILE AMENDED COMPLAINT – ON CONSENT**.


Bennett Last, Esq.
GILBRIDE, TUSA, LAST & SPELLANE LLC
708 Third Ave., 26th FL
New York, New York 10017
Telephone (212) 692-9666
*Attorneys for Defendant*

DATED:  June 27, 2008                By: _____
                                          Michael R. Gilman

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JEC II, LLC,

                      Plaintiff,   :  Civil Action No.  1:08-cv-02970 (DAB)
                                  :  ECF CASE
    v.

HUDSON RIVER RESTAURANT GROUP, LLC  :  **JURY DEMANDED**

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FIRST AMENDED COMPLAINT**

    Plaintiff, by its attorneys, for its First Amended Complaint against defendant, alleges:

**JURISDICTION AND VENUE**

    1.    This action arises under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, and under the statutory and common laws of the State of New York relating to unfair competition, misappropriation, unjust enrichment, palming off, injury to business reputation, state anti-dilution and deceptive trade practices.

    2.    Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. §§1338(a) and (b) and 1367 and under the Trademark Laws of the United States by 15 U.S.C. Section 1121.

    3.    Venue is proper in this judicial district pursuant to Sections 1391(b) and (c).

**THE PARTIES**

4.  Plaintiff, JEC II, LLC (hereinafter "plaintiff" or "JEC"), is a limited liability company organized and existing under the laws of the State of New York, with an office and principal, regular and established place of business at 1 Little West 12th Street, New York, New York 10014.

5.  Upon information and belief, defendant Hudson River Restaurant Group, LLC (hereinafter "defendant" or "HRRG") is a limited liability company organized and existing under the laws of the State of New York, operating a restaurant under the name ONE, located at One Bridge Street, Irvington, NY 10533.

6.  Upon information and belief, defendant transacts business within this district, derives substantial revenue from intra-state and interstate commerce and has committed tortuous acts within this district and also without this district having injurious consequences within this district, and defendant is otherwise within the jurisdiction of this Court.

**BACKGROUND FACTS**

7.  Plaintiff has continuously used the service mark ONE for at least a café, restaurant, bar and cocktail lounge in commerce in the United States since at least as early as December 3, 2003.

8.  Plaintiff has continuously used the service mark ONE MANHATTAN for at least a café, restaurant, bar and cocktail lounge in commerce in the United States since at least as early as December 31, 2004.

9.  Plaintiff filed a federal service mark application for the mark ONE MANHATTAN with the U.S. Patent and Trademark Office ("USPTO") on August 11, 2003. Said application matured to registration on July 19, 2005 and was assigned U.S. Trademark Registration No.

2,973,611 ("the '611 registration") by the USPTO.  The '611 registration disclaims the term "MANHATTAN" as descriptive and covers the following services; café, bar, cocktail lounge and restaurant services and night club services.

10. The '611 registration is *prima facie* evidence of plaintiff's exclusive rights to use the ONE MANHATTAN mark in commerce throughout the United States, such use having a constructive use date of August 11, 2003; i.e., the filing date of the '611 registration.

11. While it has not yet matured to registration, plaintiff is also the owner of federal service mark application Serial No. 78/458,152, filed July 28, 2004, for the ONE mark for café, bar, cocktail lounge and restaurant services.

12. Plaintiff has been continuously operating a café, restaurant, bar and cocktail lounge at 1 Little West 12th Street, NY, NY 10014 under the ONE service mark since at least as early as December 3, 2003 ("plaintiff's ONE restaurant").  Plaintiff has also used the ONE MANHATTAN service mark at plaintiff's ONE restaurant.

13. While plaintiff is using the ONE name in various formats and styles, one of the primary uses of the ONE name is in a particular stylized script writing.  *See*, Exhibit A hereto, which is the homepage of plaintiff's ONE and ONE MANHATTAN restaurant, etc. website.

14. Customers come to plaintiff's ONE restaurant from all over the world, including from all over the United States, and certainly from all over Westchester County, NY.

15. Upon information and belief, defendant did not commence use of the ONE name for its ONE restaurant located in Irvington, NY, in the bordering New York City suburb of Westchester County, until late in 2007, believed to be in and around October/November, 2007.

16. This first use of the ONE name by defendant in late 2007 is:  Long after plaintiff began using its ONE service mark for restaurant services in nearby New York City on December 3,

2003; Long after plaintiff began using its ONE MANHATTAN service mark for restaurant services in nearby New York City on December 31, 2004; Long after the August 11, 2003 filing date of plaintiff's application that matured into the '611 registration; Long after plaintiff filed its ONE application Serial No. 78/458,152 on July 28, 2004 claiming use of the ONE mark for restaurant services as early as December 3, 2003; and Even long after the '611 registration matured to registration on July 19, 2005.

17. Defendant's adoption and use of the identical ONE name, for identical services, to be provided to identical customers and marketed in the identical geographic area of plaintiff's ONE and ONE MANHATTAN restaurant, bar, café and cocktail lounge will cause a likelihood of consumer confusion and deception with plaintiff's ONE and ONE MANHATTAN service marks.

18. One of defendant's primary uses of the ONE name is in a particular stylized script writing which is almost identical in stylization to that of plaintiff's script ONE writing. *See*, Exhibit B hereto, consisting of the homepage of defendant's ONE restaurant, etc. website, and compare with plaintiff's script ONE name found at Exhibit A hereto.

19. Upon information and belief, defendant has also purchased sponsored links on at least one internet search engine, Google, so that anyone searching for "one restaurant, ny", or "restaurant one, ny" or "one restaurant, irvington, ny" or "restaurant one, irvington, ny" will first see at the top of the search result display page, a link to take them to defendant's infringing website at www.restaurantoneny.com. *See*, Exhibit C hereto.

20. Defendant was notified of its infringing use of the ONE name at its ONE restaurant in Irvington, NY by letter dated November 6, 2007 (hereinafter "the Notice Letter").

4

## FIRST CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

21. Plaintiff repeats and re-alleges paragraphs 1-20 hereof, as if fully set forth herein.

22. Plaintiff is the owner of U.S. Trademark Registration No. 2,973,611 for the mark ONE MANHATTAN and this registration is in full force and effect.

23. The '611 registration was registered by the USPTO on July 19, 2005 for, café, restaurant, bar, cocktail lounge and night club services. The ONE MANHATTAN service mark of the '611 registration has been in use in interstate commerce for café, bar, cocktail lounge and restaurant services at least since December 31, 2004 and for night club services at least since February 4, 2005.

24. The ONE MANHATTAN service mark of the '611 registration has a constructive use date of August 11, 2003, which date establishes plaintiff's priority rights in the ONE MANHATTAN service mark throughout the United States as against all subsequent users of a name likely to be confused with the registered ONE MANHATTAN service mark.

25. The ONE MANHATTAN service mark is an extremely valuable asset of plaintiff.

26. Defendant's adoption, use and then continued use after receipt of the Notice Letter, and defendant's purchase of internet search engine sponsored links using the terms "one" and "restaurant" and "ny" to lead consumers to their restaurant are activities which were, and are, likely to cause consumers to be confused, mistaken or deceived into believing that defendant's services provided under their ONE name emanate from plaintiff, or were, or are, authorized, sponsored or approved by plaintiff. Such adoption, use and continued use constitutes willful and exceptional infringement of plaintiff's rights in the ONE MANHATTAN service mark, including such rights in the '611 registration. All of the activities of defendant were and are not only in violation of the rights of plaintiff under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, but were

5

expressly undertaken by defendant knowing them to be wrongful and in violation of plaintiff's valuable rights and/or are continuing by defendant knowing them to be wrongful and in violation of plaintiff's valuable rights.

27.     Upon information and belief, defendant knew or should have known of the service mark rights of plaintiff in the ONE MANHATTAN service mark prior to its adoption and use of the ONE name for its restaurant and/or at least as early as the date of the Notice Letter.

28.     All of the acts of defendant were without the permission, license or consent of plaintiff.

29.     Defendant was, and is continuing to be, unjustly enriched by its actions and plaintiff was, and is continuing to be, damaged thereby and as such infringing activities of defendant were knowingly willful, plaintiff is entitled to an accounting of defendant's profits and/or plaintiff's damages and its costs in bringing this Action.

30.     In addition, these infringements should be designated "exceptional" by the Court, and plaintiff should be awarded its attorneys' fees and costs in bringing and prosecuting this Action. Any damages awarded should be trebled under 15 U.S.C. §1117.

31.     Accordingly, plaintiff believes its damages will easily exceed the sum of $250,000.


**SECOND CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1125(A)**

32.     Plaintiff repeats and re-alleges paragraphs 1-31 hereof, as if fully set forth herein.

33.     Plaintiff has used the ONE MANHATTAN service mark in commerce in the United States for restaurant, café, bar and cocktail lounge services since at least as early as December 31, 2004, and for night club services since at least as early as February 4, 2005.

34.     The ONE MANHATTAN service mark is an extremely valuable asset of plaintiff.

35. Defendant's adoption, use and then continued use after receipt of the Notice Letter, and defendant's purchase of internet search engine sponsored links using the terms "one" and "restaurant" and "ny" to lead consumers to its restaurant are activities which were, and are, likely to cause consumers to be confused, mistaken or deceived into believing that defendant's services provided under their ONE name emanate from plaintiff, or were, or are, authorized, sponsored or approved by plaintiff. Such adoption, use and continued use constitutes willful and exceptional infringement and/or contributory infringement and/or inducement of infringement of plaintiff's rights in the ONE MANHATTAN service mark, including such rights in the '611 registration. All of the activities of defendant were and are not only in violation of the rights of plaintiff under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, but were expressly undertaken by defendant knowing them to be wrongful and in violation of plaintiff's valuable rights and/or are continuing by defendant knowing them to be wrongful and in violation of plaintiff's valuable rights.

36. Upon information and belief, defendant knew or should have known of the service mark rights of plaintiff in the ONE MANHATTAN service mark prior to their adoption and use of the ONE name for its restaurant and/or at least as early as the date of the Notice Letter.

37. All of the acts of defendant were without the permission, license or consent of plaintiff.

38. Defendant was, and is continuing to be, unjustly enriched by its actions and plaintiff was, and is continuing to be, damaged thereby and as such infringing activities of defendant were knowingly willful, plaintiff is entitled to an accounting of defendant's profits and/or plaintiff's damages and its costs in bringing this Action.

39. In addition, these infringements should be designated "exceptional" by the Court, and plaintiff should be awarded its attorneys' fees and costs in bringing and prosecuting this Action.

7

Any damages awarded should be trebled under 15 U.S.C. §1117.

40. Accordingly, plaintiff believes its damages will easily exceed the sum of $250,000.

**THIRD CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1125(A)**

41. Plaintiff repeats and re-alleges paragraphs 1-40 hereof, as if fully set forth herein.

42. Plaintiff has used the ONE service mark in commerce in the United States for restaurant, café, bar and cocktail lounge services since at least as early as December 3, 2003.

43. The ONE service mark is an extremely valuable asset of plaintiff.

44. Defendant's adoption, use and then continued use after receipt of the Notice Letter, and defendant's purchase of internet search engine sponsored links using the terms "one" and "restaurant" and "ny" to lead consumers to their restaurant are activities which were, and are, likely to cause consumers to be confused, mistaken or deceived into believing that defendant's services provided under their ONE name emanate from plaintiff, or were, or are, authorized, sponsored or approved by plaintiff. Such adoption, use and continued use constitutes willful and exceptional infringement and/or contributory infringement and/or inducement of infringement of plaintiff's rights in the ONE service mark, including such rights in the '611 registration. All of the activities of defendant were and are not only in violation of the rights of plaintiff under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, but were expressly undertaken by defendant knowing them to be wrongful and in violation of plaintiff's valuable rights and/or are continuing by defendant knowing them to be wrongful and in violation of plaintiff's valuable rights.

45. All of the acts of defendant were without the permission, license or consent of plaintiff.

46. Defendant was, and is continuing to be, unjustly enriched by its actions and plaintiff

8

was, and is continuing to be, damaged thereby and as such infringing activities of defendant were knowingly willful, plaintiff is entitled to an accounting of defendant's profits and/or plaintiff's damages and its costs in bringing this Action.

47.     In addition, these infringements should be designated "exceptional" by the Court, and plaintiff should be awarded its attorneys' fees and costs in bringing and prosecuting this Action. Any damages awarded should be trebled under 15 U.S.C. §1117.

48.     Accordingly, plaintiff believes its damages will easily exceed the sum of $250,000.

## FOURTH CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1125(D)

49.     Plaintiff repeats and re-alleges paragraphs 1-48 hereof, as if fully set forth herein.

50.     Plaintiff has used the ONE and ONE MANHATTAN service marks in commerce in the United States for restaurant, café, bar and cocktail lounge services since at least as early as December 3, 2003 and December 31, 2004, respectively.

51.     Plaintiff is the owner of U.S. Trademark Registration No. 2,973,611 for the mark ONE MANHATTAN, registered by the USPTO on July 19, 2005 for, café, restaurant, bar, cocktail lounge and night club services, which registration establishes *prima facie* distinctiveness of the ONE MANHATTAN service mark.

52.     The ONE MANHATTAN service mark of the '611 registration has a constructive use date of August 11, 2003, which date establishes plaintiff's priority rights in the ONE MANHATTAN service mark throughout the United States as against all subsequent users of a name likely to be confused with the registered ONE MANHATTAN service mark.

53.     Upon information and belief, defendant registered its www.restaurantoneny.com domain name on October 12, 2006, long after plaintiff began using the ONE and ONE

9

MANHATTAN service marks on December 3, 2003 and December 31, 2004, respectively, long after plaintiff's August 11, 2003 constructive use rights throughout the United States in its ONE MANHATTAN service mark and long after the July 19, 2005 registration date of the '611 registration.

54.  The ONE and ONE MANHATTAN service marks were distinctive as of their dates of first use and/or became distinctive before registration of defendant's domain name www.restaurantoneny.com on October 12, 2006.

55.  Defendant's adoption, use and then continued use after receipt of the Notice Letter, defendant's purchase of internet search engine sponsored links using the terms "one" and "restaurant" and "ny" to lead consumers to their restaurant and use of the domain name www.restaurantoneny.com, all after plaintiff's ONE and ONE MANHATTAN service marks became distinctive, are activities showing defendant's bad faith intent to profit from plaintiff's ONE and ONE MANHATTAN marks.

56.  Upon information and belief, based upon these facts defendant cannot claim to have believed or to have had reasonable grounds to believe that use of the domain name was a fair use or otherwise lawful.

57.  All of the acts of defendant were without the permission, license or consent of plaintiff.

58.  Defendant was, and is continuing to be, unjustly enriched by its actions and plaintiff was, and is continuing to be, damaged thereby and as such the www.restaurantoneny.com domain should be forfeited or cancelled or transferred to plaintiff, at the Court's discretion.

**FIFTH CAUSE OF ACTION FOR
<u>INJURY TO BUSINESS REPUTATION AND STATE ANTI-DILUTION</u>**

59. Plaintiff repeats and re-alleges paragraphs 1-58 hereof, as if fully set forth herein.

60. This cause of action arises under Section 368-d of the New York General Business Law.

61. The ONE and ONE MANHATTAN service marks have come to identify plaintiff and plaintiff's high quality services, so as to distinguish those services from the services of others.

62. Defendant's marketing and providing of restaurant services under the identical ONE name, including their purchase of internet search engine sponsored links using the terms "one" and "restaurant" and "ny" to lead consumers to their restaurant has injured, and continues to injure, plaintiff's business reputation and has diluted and continues to dilute the distinctive quality of plaintiff's ONE and ONE MANHATTAN service marks, in violation of Section 368-d of the New York General Business Law.

63. Such conduct by defendant was, and continues to be, without the permission, license or consent of plaintiff.

64. Defendant has been, and continues to be, unjustly enriched and plaintiff is entitled to an accounting of defendant's profits, plaintiff's damages and the costs of this Action.

65. Defendant's foregoing activities have damaged plaintiff in an amount as yet unknown, but such continuing damages are believed to be in excess of $250,000.

### SIXTH CAUSE OF ACTION FOR DECEPTIVE TRADE PRACTICES

66. Plaintiff repeats and re-alleges paragraphs 1-65 hereof, as if fully set forth herein.

67. This cause of action arises under Section 133 of the New York General Business Law.

68. By reason of the practices and acts set forth above, and defendant's intent, and

continuing intent, to deceive or mislead the consuming public, defendant has, and is continuing to, engaged in deceptive trade practices and acts in the conduct of its business in violation of Section 133 of the New York General Business Law.

69. The public was, and is continuing to be, likely to be damaged as a result of the deceptive trade practices and acts engaged in by defendant.

70. These acts of defendant were, and are continuing to be, without the permission, license or consent of plaintiff.

71. Defendant has been, and is continuing to be, unjustly enriched and plaintiff is entitled to an accounting of defendants' profits, plaintiff's damages and the costs of this Action.

72. Defendant's foregoing activities have damaged plaintiff in an amount as yet unknown, but such continuing damages are believed to be in excess of $250,000.

### SEVENTH CAUSE OF ACTION FOR COMMON LAW UNFAIR COMPETITION

73. Plaintiff repeats and re-alleges paragraphs 1-72 hereof, as if fully set forth herein.

74. This cause of action arises under the New York common law of unfair competition.

75. Defendant has engaged in a course of unfair competition by marketing and providing its services under the infringing ONE name and by purchasing internet search engine sponsored links using the terms "one" and "restaurant" and "ny" to lead consumers to its restaurant.

76. Defendant has misappropriated plaintiff's ONE and ONE MANHATTAN service marks.

77. The acts alleged herein are a specifically oriented predatory business practice undertaken by defendant, the dominant purpose and effect of which was to pass off and palm off defendant's infringing services as related to, provided by or authorized by plaintiff and to confuse

consumers as to the source or origin of such services.

78. The acts of defendant as alleged herein amount to unauthorized interference with the normal operation of the legitimate business of plaintiff, and of the unauthorized trading off by defendant of the goodwill long established by plaintiff.

79. Defendant's activities in misappropriating plaintiff's ONE and ONE MANHATTAN service marks have damaged the reputation and goodwill of plaintiff.

80. Defendant has thereby been unjustly enriched at the expense and to the detriment of plaintiff, in violation of the common law of the State of New York.

81. Defendant has been unjustly enriched and plaintiff is entitled to an accounting of defendant's profits, plaintiff's damages and the costs of this Action.

82. Defendant's foregoing activities have damaged plaintiff in an amount as yet unknown, but such continuing damages are believed to be in excess of $250,000.

## **JURY DEMAND**

83. Plaintiff hereby demands trial by jury.

**WHEREFORE**, plaintiff demands that:

A. Defendant, its employees, agents, servants, related companies and all parties in privity with them, or any of them (hereinafter "defendant's related companies"), be enjoined permanently from:

1. Operating a business under, or otherwise displaying, promoting, advertising, selling or offering for sale services under the ONE name, or any other name confusingly similar to, or likely to be confused with, plaintiff's service mark rights in its ONE MANHATTAN service mark

found in the '611 registration;

       2.     Injuring plaintiff's business reputation or diluting the distinctive quality of plaintiff's service mark rights in its ONE and ONE MANHATTAN service marks;

       3.     Infringing, contributorily infringing and/or inducing the infringement of plaintiff's common law trademark and advertising rights by advertising or offering for sale or selling any services under the ONE name, or any other name confusingly similar to, or likely to be confused with, plaintiff's service mark rights in its ONE and ONE MANHATTAN service marks;

       4.     Passing off or otherwise representing to the trade or public in any way that any services offered or provided by defendants emanate from or are related in source or sponsorship to plaintiff; and

       5.     Engaging in deceptive trade practices or acts in the conduct of defendant's business by means of advertising, offering for sale or selling any services under the ONE name, or any other name confusingly similar to, or likely to be confused with, plaintiff's service mark rights in its ONE and ONE MANHATTAN service marks.

    B.     Defendant and defendant's related companies be required to deliver up for destruction all items bearing defendants' ONE name.

    C.     The domain name www.restaurantoneny.com be forfeited, cancelled or transferred to plaintiff.

    D.     Defendant has been unjustly enriched by its acts of trademark infringement, unfair competition, misappropriation, unjust enrichment, palming off, injury to business reputation, state anti-dilution and deceptive trade practices and plaintiff is entitled to an accounting of defendant's profits, plaintiff's damages and the costs of this Action in an amount believed to be in excess of $250,000.

E.	Defendant's acts of trademark infringement be found to be "exceptional" and that plaintiff be awarded its attorneys' fees and costs in having to bring and prosecute this Action and that any trademark damages awarded be trebled under 15 U.S.C. §1117.

F.	Defendant pay to plaintiff its costs of this Action, and plaintiff's attorneys' fees, as the Court may allow plaintiff.

G.	Plaintiff be granted such other and further relief as the Court may deem just.

KAPLAN GILMAN GIBSON & DERNIER LLP<br>
Attorneys for Plaintiff<br>
900 Route 9 North, Suite 504<br>
Woodbridge, New Jersey 07095<br>
(732) 634-7634

Dated: June 27, 2008		By: _____
			Michael R. Gilman (MG 7608)

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the following document was served on the person referenced below on this 27th day of June, 2008, First Class mail, postage prepaid:

1)   **FIRST AMENDED COMPLAINT**.


Bennett Last, Esq.
GILBRIDE, TUSA, LAST & SPELLANE LLC
708 Third Ave., 26th FL
New York, New York 10017
Telephone (212) 692-9666
*Attorneys for Defendant*

DATED:  June 27, 2008          By: _____
                                        Michael R. Gilman